United States District Court
Eastern District of California

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL VARGAS FLORES,<br>Petitioner,<br>v.<br>WARDEN OF THE GOLDEN STATE ANNEX, *et al*.,<br>Respondents. | Case No. 1:26-cv-04931 (EJD)<br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br>Re: Dkt. No. 1 |

Petitioner Miguel Vargas Flores filed a Petition for Writ of Habeas Corpus seeking release from the custody of U.S. Immigration and Customs Enforcement ("ICE"), or alternatively a bond hearing. *See* Dkt. No. 1 at 18. For the reasons that follow, the Court GRANTS the petition and orders Petitioner's immediate release.

## I. BACKGROUND

Based on review of the parties' submissions, the Court finds the following facts. Petitioner is a native of Mexico who first entered the United States at an unknown date and time, but was granted voluntary departure to Mexico on November 1, 2016 following an arrest by ICE on October 27, 2016. Dkt. No. 10-1 at 3. He later re-entered the United States at an unknown date and has lived in the country ever since. *Id.*; Dkt. No. 1 at 6 (noting that Petitioner has lived in California for ten years). Though Petitioner had several encounters with law enforcement, including convictions for a hit and run causing property damage and two for driving under the influence prior to his grant of voluntary departure, he has kept a clean criminal record since re-entering the United States approximately ten years ago. *See* Dkt. No. 1 at 6; Dkt. No. 10-1 at 3–4.

United States District Court
Eastern District of California

Petitioner applied for asylum in September 2024 and was detained by ICE on May 22, 2026 when attending an appointment at USCIS related to that application. *Id.* at 6–7. Respondents maintain that the arrest was conducted pursuant to an administrative warrant, however, have not supplied the warrant for arrest. Dkt. No. 10-1 at 3. He has remained detained since his arrest over three months ago and has not been provided a bond hearing as Respondents maintain that Petitioner's detention is mandatorily under 8 U.S.C. § 1225(b). *See* Dkt. No. 10 at 2.

## II. LEGAL STANDARD

"[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

As the Court has in the past, it rejects Respondents' argument that Petitioner may be detained under § 1225(b) and avoid providing Petitioner with the statutory process he is entitled to under 8 U.S.C. § 1226(a). The Ninth Circuit in *Rodriguez Vazquez v. Bostock* held that § 1225(b)(2)(A) does not apply to noncitizens, like Petitioner, who are present in the United States without admission and were arrested in the interior of the country. 183 F.4th 1160, 1164 (9th Cir. 2026) ("we conclude that aliens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)"). Accordingly, the Court finds that Petitioner's detention, bond, and release are controlled by § 1226(a).

Respondents argue that, should the Court find that § 1226(a) controls detention, the proper remedy is to "order a bond hearing so that an immigration judge may determine whether Petitioner

poses a flight risk or danger to the community." Dkt. No. 10 at 3. However, had the Government properly detained Petitioner pursuant to § 1226(a), this determination would have been made at the outset of Petitioner's detention, and he would have been provided the opportunity to challenge the determination at a bond hearing. As one court has explained:

> Section 1226(a) and its regulations guarantee noncitizens detained under that provision multiple levels of "substantial procedural protections" against the erroneous deprivation of their liberty. These protections include, inter alia, the requirement that a noncitizen cannot be arrested without an administrative warrant or detained without notice of the basis for their detention through a notice to appear, both of which must be signed and served by designated immigration officers; the requirement that an ICE officer with designated authority conduct an initial custody determination at the outset of detention, wherein the noncitizen has an opportunity to "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the [noncitizen is likely to appear for any future proceeding"; and the right to seek review of an ICE officer's initial custody determination through a prompt bond hearing before an immigration judge ("IJ") based on individualized evidence, wherein the IJ will order release on bond if the noncitizen establishes that they are not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk."

*Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *5 (D. Nev. July 7, 2026) (internal citations omitted) (quoting *Jacobo-Ramirez v. Mullin*, — F. Supp. 3d —, 2026 WL 879799 (D. Nev. 2026)). Petitioner has now been detained for over three months without the majority of this process.

As Respondents only argue that Petitioner was detained pursuant to § 1225(b), and have not argued that Petitioner was provided the process to which he was statutorily entitled to under § 1226(a)—namely a timely custody redetermination hearing—the appropriate remedy is immediate release. *See, e.g., Zurita Navarro v. Warden, Cent. Valley Annex Det. Facilit*y, No. 1:26-CV-05661-DAD-SCR (HC), 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (granting immediate release where there was no evidence petitioner was arrested pursuant to a warrant or custody determination made by an authorized immigration official); *Feng v. Lyons*, No. 1:26-CV-00235-DJC-SCR, 2026 WL 472635, at *1 (E.D. Cal. Feb. 19, 2026) (refusal to provide § 1226(a) bond hearing was a due process violation that warranted release where government made no showing

that Petitioner was a flight risk or danger to the public); *Molina Alberto v. Leyva*, No. 2:26-CV-01216-RFB-NJK, 2026 WL 1557266, at *4 (D. Nev. June 2, 2026) (same).

## IV. CONCLUSION AND ORDER

Accordingly, the petition for writ of habeas corpus is GRANTED. Respondents are ORDERED to immediately release Petitioner from custody. If Respondents seeks to re-detain Petitioner, it must provide all the process to which he is statutorily entitled to under 8 U.S.C. § 1226(a). This Order does not address the circumstances in which Respondents may detain Petitioner in the event he becomes subject to an executable final order of removal.

The Clerk of the Court is directed to close this case and enter judgment for Petitioner.

**IT IS SO ORDERED.**

Dated: September 9, 2026

EDWARD J. DAVILA
United States District Judge